IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DONNA ANNICELLI | CR 08 30 ML<br><br>Violation of Title 18, Section 641 of the United States Code |

FILED
MAR 2008
U.S. DISTRICT COURT

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States (the "Government") and Defendant Donna Annicelli ("Defendant" or "Annicelli") have reached the following agreement:

1. Defendant's Obligations.

a. Defendant will waive presentation of this matter to a grand jury and consent to the filing of a one count Information that charges Defendant with knowing theft of $86,705.75 in funds belonging to the Social Security Administration, in violation of 18 U.S.C. § 641. Defendant agrees that she will plead guilty to said Information. A true a correct copy of the Information is attached hereto as Exhibit A. Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

2. Government's Obligations.

In exchange for Defendant's plea of guilty:

a. The Government will recommend that the Court impose a term of imprisonment at the lowest point of the range for the offense level determined by the Court under the United States Sentencing Guidelines (the U.S.S.G. or "Guidelines"), but not including probation or a "split-sentence," even if permitted under the Guidelines. If however, Defendant seeks a downward departure under the Guidelines or advocates for a sentence below the

Guideline range, the Government will then be free to recommend any term of imprisonment within the applicable Guideline range found by the Court.

b. For purposes of determining the offense level, the Government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the Guidelines if Defendant continues to demonstrate acceptance of responsibility through the conclusion of sentencing.

c. As of the date of this Agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the Government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty or otherwise requires the Government to prepare for trial.

d. The Government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

3. Defendant understands that the Guidelines are not binding on the Court, and that, although the Court must consult the Guidelines in fashioning any sentence in this case, the Guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and Defendant stipulate and agree to the following facts under the Guidelines and for the purpose of application of the Guidelines:

a. Annicelli's mother, Elizabeth Deneault, received social security benefits, and SSA had those benefits deposited on a monthly basis for Deneault in Sovereign Bank checking account number 44300057104 (the "account").

b. Prior to and up to Deneault's death, Deneault lived with Annicelli at her home at 68 Saint Mary's Drive, Cranston, Rhode Island 02920.

c. Deneault died on May 2, 2000, and from June 2000 through June 2007, SSA continued to have funds – social security benefits intended for Deneault – deposited in the account.

d. On June 1, 2007, Annicelli admitted to SSA investigators that she had been stealing, converting to her own use, or converting to the use of others SSA funds in the account. Annicelli further admitted to SSA investigators that she knew that the SSA funds in the account were not intended for her use.

e. Annicelli was a co-signatory on the account and had the power to and did draw funds from the account via automated teller machine ("ATM") transaction.

f. Attached as Exhibit B, and incorporated herein, is a chart accurately summarizing for each month from June 2000 to June 2007 the sum deposited by SSA in the account, the account balance, the sum withdrawn by Annicelli or on Annicelli's behalf, and the method of withdrawal (either via check or ATM). Column A of the chart lists months beginning with June 2000 and ending with June 2007, and the remaining columns set forth the following information:

   i. Column B sets forth the sum SSA had deposited in the account each month,

   ii. Column C sets forth the account's balance as of the 24th day of each month,

   iii. Column D sets forth the sum total withdrawn from the account each month by Annicelli or on Annicelli's behalf,

   iv. Column E sets forth the number of checks Annicelli issued on the account each month, and

   v. Column F sets forth the number of ATM withdrawals from the account Annicelli made or others made on Annicelli's behalf.

The rows in the chart link the month entries in Column A to the corresponding information in Columns B through F. The chart also accurately summarizes the sum total of SSA deposits in the account, the sum total of checks issued on the account, and the sum total of ATM withdrawal transactions from the account.

g. From June 2000 to June 2007, Annicelli issued a total of 19 checks on the account. Each of the checks bore Deneault's name as the drawer of funds. Annicelli forged Deneault's name on each of these checks.

h. From June 2000 to June 2007, Annicelli made or others made on Annicelli's behalf a total of 290 ATM withdrawals from the account.

i. From June 2000 to June 2007, SSA deposited a total of $88,643 in the account. Of that sum, SSA was able to recover $1,937.25 from Sovereign Bank. The actual loss to SSA is $86,705.75 (which is the $88,643 SSA deposited in the account less the $1,937.25 recovered from Sovereign Bank).

j. From June 2000 to June 2007, Annicelli received bank statements for the account from Sovereign Bank each month. Sovereign Bank sent the statements to Annicelli's home in Cranston, Rhode Island and addressed the statements to Deneault and Amnicilli. The statements set forth all transactions on the account, including ATM and check withdrawals and deposits of SSA funds. The statements also identified the deposits of SSA funds specifically as deposits made by the United States Treasury on behalf of SSA.

k. At no point prior to June 1, 2007 did Annicelli inform SSA that Deneault had passed away, that SSA funds continued to be deposited in the account after Deneault's death, or that Annicelli was withdrawing funds from the account or having funds withdrawn from the account for her own use or the use of others.

l. All funds deposited in the checking account from June 2000 through June 2007 belonged to SSA and were property of SSA.

n. Annicelli stole or converted to her own use or the use of others a total of $86,705.75 belonging to the Social Security Administration ("SSA"), a department or agency of the United States.

o. Annicelli, through her scheme of theft or conversion, intended to steal or convert to her own use or the use of others a total of $88,643.00 belonging to SSA.

5. Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category apply in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the Guidelines calculation.

6. The maximum statutory penalties for the offense to which Defendant is pleading are 10 years imprisonment, a term of supervised release not to exceed 3 years, restitution to the Government of $86,705.75, a fine of up to $250,000, and a mandatory special assessment of $100.

7. Defendant agrees that, after Defendant and Defendant's counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the Government of its obligation to recommend a reduction in the offense level under the Guidelines for acceptance of responsibility.

8. Defendant is advised and understands that:

a) The Government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

b) Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c) Defendant has the right to a jury trial;

d) Defendant has the right to be represented by counsel – and if necessary have the Court appoint counsel – at trial and every other stage of the proceeding;

e) Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

f) Defendant waives these trial rights if the Court accepts a plea of guilty.

9. Defendant understands that the Government does not intend to conduct DNA testing of any evidence in this case. Defendant further understands that Defendant could request DNA testing of evidence, including physical evidence, in this case prior to any finding of guilt against Defendant. Defendant further understands that, following this Court's entry of a judgment of conviction for the offense to which Defendant is pleading guilty, Defendant has the right to request DNA testing of evidence, including physical evidence, pursuant to 18 U.S.C. § 3600. Knowing and understanding this right to request such DNA testing, Defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that Defendant will never have another opportunity to have any evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that Defendant is innocent of the offense[s] to which Defendant is pleading guilty. Defendant further understands that by waiving and giving up this DNA testing right, any physical evidence in this case need not be retained for any such purpose.

10. The Government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

11. Except for paragraphs 2 and 4 above, the parties have made no agreement concerning the application of the Guidelines in this case.

12. Defendant understands that the Court alone makes all sentencing decisions, including the application of the Guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the Government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's Guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

13. Defendant understands that Defendant may have the right to file a direct appeal from the sentence imposed by the Court. Defendant hereby waives Defendant's right to file a direct appeal, if the sentence imposed by the Court is within the Guideline range determined by the Court or lower. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the Government retains its right to appeal any of the Court's sentencing determinations.

14. This agreement is binding on the Government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the Guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the Government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

15. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

16. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

17. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

18. Defendant states that Defendant has read this agreement or has had it read to Defendant, has discussed this agreement with Defendant's Counsel, understands this agreement, and agrees to the provisions of this agreement.

DONAA ANNICELLI-
Defendant

3-18-08
Date

JUDITH CROWELL
Counsel for Defendant

3/18/08
Date

MILIND M. SHAH
Assistant U.S. Attorney

3/20/08
Date

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
Chief, Criminal Division

03/20/2008
Date

EXHIBIT A

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DONNA ANNICELLI | Criminal Number _______________<br><br>Violation of Title 18, Section 641 of the United States Code |

**INFORMATION**

The United States Attorney charges:

From on or about August 1, 2000 to on or about June 1, 2007, in the District of Rhode Island, Defendant DONNA ANNICELLI did knowingly steal, purloin, and convert to her own use and to the use of others $88,643 in funds belonging to the Social Security Administration, a department and/or agency of the United States, to which she knew she was not entitled, all in violation of 18 U.S.C. § 641.

ROBERT CLARK CORRENTE
United States Attorney

By: ____________________________
MILIND M. SHAH
Assistant U.S. Attorney

____________________________
STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
Chief, Criminal Division

DATE: _______________

EXHIBIT B

| Column A MONTH | Column B DEPOSITS BY SSA | Column C ACCOUNT BALANCE (as of the 24th day of the month) | Column D TOTAL FUNDS WITHDRAWN | Column E WITHDRAWALS VIA CHECK | Column F WITHDRAWALS VIA ATM |
|---|---|---|---|---|---|
| Jun-00 | 965.00 | 969.95 | 0.00 | 0 | 0 |
| Jul-00 | 965.00 | 1934.95 | 0.00 | 0 | 0 |
| Aug-00 | 965.00 | 2899.95 | 1000.00 | 0 | 2 |
| Sep-00 | 965.00 | 1864.95 | 1000.00 | 0 | 2 |
| Oct-00 | 965.00 | 2829.95 | 1200.00 | 0 | 3 |
| Nov-00 | 965.00 | 2594.95 | 0.00 | 0 | 0 |
| Dec-00 | 965.00 | 2059.95 | 1500.00 | 0 | 3 |
| | | | | | |
| Jan-01 | 996.00 | 3055.95 | 0.00 | 0 | 0 |
| Feb-01 | 996.00 | 4551.95 | 0.00 | 0 | 0 |
| Mar-01 | 996.00 | 5547.95 | 0.00 | 0 | 0 |
| Apr-01 | 996.00 | 6543.95 | 0.00 | 0 | 0 |
| May-01 | 996.00 | 7539.95 | 0.00 | 0 | 0 |
| Jun-01 | 996.00 | 8535.95 | 135.00 | 1 | 0 |
| Jul-01 | 1027.00 | 6842.95 | 2485.00 | 5 | 1 |
| Aug-01 | 997.00 | 6339.95 | 3178.00 | 9 | 1 |
| Sep-01 | 997.00 | 4273.95 | 1385.00 | 4 | 0 |
| Oct-01 | 997.00 | 4868.70 | 1302.25 | 0 | 3 |
| Nov-01 | 997.00 | 3965.70 | 1000.00 | 0 | 2 |
| Dec-01 | 997.00 | 4060.45 | 902.25 | 0 | 2 |
| | | | | | |
| Jan-02 | 1020.00 | 4678.20 | 1902.25 | 0 | 4 |
| Feb-02 | 1020.00 | 2415.95 | 2048.25 | 0 | 8 |
| Mar-02 | 1020.00 | 649.45 | 2520.50 | 0 | 8 |
| Apr-02 | 1020.00 | 1304.45 | 365.00 | 0 | 2 |
| May-02 | 1020.00 | 1107.70 | 1417.75 | 0 | 6 |
| Jun-02 | 1020.00 | 870.95 | 1977.00 | 0 | 9 |
| Jul-02 | 1020.00 | 16.95 | 1326.75 | 0 | 10 |
| Aug-02 | 1020.00 | 12.45 | 1024.50 | 0 | 5 |
| Sep-02 | 1020.00 | 5.70 | 1026.75 | 0 | 4 |
| Oct-02 | 1020.00 | 3.45 | 1022.25 | 0 | 6 |
| Nov-02 | 1020.00 | 31.20 | 1013.25 | 0 | 7 |
| Dec-02 | 1020.00 | 0.00 | 1085.20 | 0 | 8 |
| | | | | | |
| Jan-03 | 1030.00 | 25.00 | 950.00 | 0 | 3 |
| Feb-03 | 1030.00 | 4.50 | 1050.50 | 0 | 6 |
| Mar-03 | 1030.00 | -304.75 | 1369.25 | 0 | 12 |
| Apr-03 | 1030.00 | -401.50 | 1146.75 | 0 | 6 |
| May-03 | 1030.00 | -422.50 | 1046.00 | 0 | 6 |
| Jun-03 | 1030.00 | 319.75 | 267.75 | 0 | 2 |
| Jul-03 | 1030.00 | 1349.75 | 0.00 | 0 | 0 |
| Aug-03 | 1030.00 | 1379.75 | 1800.00 | 0 | 4 |
| Sep-03 | 1030.00 | 189.75 | 1520.00 | 0 | 6 |
| Oct-03 | 1030.00 | 217.50 | 1063.75 | 0 | 6 |
| Nov-03 | 1030.00 | 119.25 | 966.75 | 0 | 6 |
| Dec-03 | 1030.00 | 149.25 | 1000.00 | 0 | 2 |
| | | | | | |
| Jan-04 | 1045.00 | 486.00 | 1109.75 | 0 | 4 |
| Feb-04 | 1045.00 | 322.75 | 1006.75 | 0 | 3 |
| Mar-04 | 1045.00 | 362.25 | 805.50 | 0 | 2 |

| | | | | | |
|---|---|---|---|---|---|
| Apr-04 | 1045.00 | 504.50 | 902.75 | 0 | 2 |
| May-04 | 1045.00 | 338.50 | 1511.00 | 0 | 5 |
| Jun-04 | 1045.00 | 180.75 | 902.75 | 0 | 2 |
| Jul-04 | 1045.00 | 1022.50 | 203.25 | 0 | 1 |
| Aug-04 | 1045.00 | 212.00 | 2055.50 | 0 | 6 |
| Sep-04 | 1045.00 | 91.50 | 965.50 | 0 | 3 |
| Oct-04 | 1045.00 | 73.75 | 1062.75 | 0 | 3 |
| Nov-04 | 1045.00 | 118.75 | 1000.00 | 0 | 2 |
| Dec-04 | 1045.00 | 157.75 | 1006.00 | 0 | 3 |
| | | | | | |
| Jan-05 | 1063.00 | 377.75 | 843.00 | 0 | 3 |
| Feb-05 | 1063.00 | 237.75 | 1203.00 | 0 | 3 |
| Mar-05 | 1063.00 | 91.75 | 1209.00 | 0 | 4 |
| Apr-05 | 1063.00 | 545.75 | 1150.50 | 0 | 5 |
| May-05 | 1063.00 | 22.75 | 1044.50 | 0 | 5 |
| Jun-05 | 1063.00 | 33.50 | 1180.75 | 0 | 5 |
| Jul-05 | 1063.00 | 303.50 | 726.00 | 0 | 3 |
| Aug-05 | 1063.00 | 14.50 | 1290.50 | 0 | 5 |
| Sep-05 | 1063.00 | 77.50 | 1000.00 | 0 | 2 |
| Oct-05 | 1063.00 | 27.50 | 1113.00 | 0 | 4 |
| Nov-05 | 1063.00 | 27.00 | 1063.50 | 0 | 3 |
| Dec-05 | 1063.00 | 186.50 | 903.50 | 0 | 2 |
| | | | | | |
| Jan-06 | 1100.00 | 19.50 | 1267.00 | 0 | 4 |
| Feb-06 | 1100.00 | 516.00 | 1005.50 | 0 | 3 |
| Mar-06 | 1100.00 | 205.50 | 1008.50 | 0 | 3 |
| Apr-06 | 1100.00 | 305.50 | 1000.00 | 0 | 2 |
| May-06 | 1100.00 | 42.00 | 1363.50 | 0 | 4 |
| Jun-06 | 1100.00 | 68.00 | 1116.00 | 0 | 5 |
| Jul-06 | 1100.00 | 17.75 | 1108.25 | 0 | 4 |
| Aug-06 | 1100.00 | 433.75 | 684.00 | 0 | 2 |
| Sep-06 | 1100.00 | 33.75 | 1500.00 | 0 | 3 |
| Oct-06 | 1100.00 | 83.75 | 1100.00 | 0 | 5 |
| Nov-06 | 1100.00 | 30.25 | 1103.50 | 0 | 6 |
| Dec-06 | 1100.00 | 130.25 | 1000.00 | 0 | 2 |
| | | | | | |
| Jan-07 | 1134.00 | 234.25 | 1230.00 | 0 | 3 |
| Feb-07 | 1134.00 | 668.25 | 1000.00 | 0 | 2 |
| Mar-07 | 1134.00 | 638.75 | 1265.50 | 0 | 4 |
| Apr-07 | 1134.00 | 169.25 | 1001.50 | 0 | 2 |
| May-07 | 1134.00 | 803.25 | 500.00 | 0 | 1 |
| Jun-07 | 1134.00 | 1937.25 | 0.00 | 0 | 0 |
| Jul-07 | 0.00 | 0.00 | 0.00 | 0 | 0 |
| | | | | | |
| **Total** | **88643** | | | **19** | **290** |