UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V. Cr. No. 08-030ML

DONNA ANNICELLI

**MOTION FOR SENTENCE BELOW DEFENDANT'S ADVISORY GUIDELINE RANGE**

Now comes the Defendant Donna Annicelli and moves that this Honorable Court impose a sentence below Defendant's advisory guideline range, for the reasons set forth in the accompanying Memorandum.

DONNA ANNICELLI
Defendant
By Her Attorney,

/s/ Judith Crowell, Esq. #1993
128 Dorrance Street
Fourth Floor
Providence, RI 02903
(401) 272-6600

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V. Cr. No. 08-030ML

DONNA ANNICELLI

**SENTENCING MEMORANDUM**

This Defendant Donna Annicelli waived Indictment and pleaded guilty to Count 1 of this Information, which charges her with Social Security fraud. The presentence investigation report correctly calculates Defendant's advisory guideline range to be 10-16 months, which is in Zone C of the Sentencing Table. Because Defendant's advisory guideline range is in Zone C, the Sentencing Guidelines authorize this Court to impose a "split sentence", pursuant to which Defendant would be required to serve one-half of her sentence in prison, with the balance to be served in community confinement or home detention. See USSG Section 5C1.1(d)(2). Defendant submits this Memorandum in support of her request that this Court vary from Defendant's advisory guideline range and impose a sentence of probation because of the nature and circumstances of the offense and the characteristics of the Defendant, pursuant to 18 USC Section 3553(a)(1).

As the presentence investigation report indicates, Defendant is a 58 year old lifelong resident of the city of Cranston. She has been married for 38 years to Andrew Annicelli; she is the mother of two adult children, Dawn and Paul, and has four grandchildren. Along with her two brothers, she was reared in the Forest Hill and Eden Park sections of Cranston and attended Cranston public schools. Her father owned a diner, and her mother was a homemaker who also worked as a hairdresser.

Although Defendant left Cranston East High School before graduating, in 1966, she later attended the Cranston Area Adult Learning Program. She received her high school diploma after completing those studies in 1981. She stayed home when her children were young, but joined the workforce in the late 1990's, working as a secretary, administrative assistant and in accounts receivable. She is currently employed as secretary to the principal at Our Lady of Mercy School, a Roman Catholic elementary school located in East Greenwich. The school has renewed her contract for the ensuing school year, with a significant increase in pay.

As the character reference letters submitted to the Court on Defendant's behalf indicate, Defendant has always assumed the caretaker role in her family. She stayed home and took care of her children, and when her children were grown, she took care of her in-laws. After their death, Defendant's mother moved into the Annicelli home, and Defendant took care of her mother, Elizabeth Deneault, until she died in May 2000. Thereafter, she took care of her husband, Andrew, when he was stricken with pschyma, an unusual muscle cancer; she took care of her daughter Dawn after Dawn's colostomy, and she helped Dawn take care of Dawn's adopted daughter, Madison, who was diagnosed with liver cancer soon after she arrived in this country from her native Guatemala. In addition, she has kept her deathbed promise to her mother that she would take care of her drug-addicted brother, Gerald; she has reared Gerald's daughter, Kimberly, and to this time Gerald and Kimberly reside in the Annicelli home.

The presentence report and the character reference letters submitted to the Court document the extraordinary financial stress endured by the Annicelli family during the time period when this crime occurred. Andrew, Defendant's husband, was afflicted with

cancer and was unable to work for an extended period of time; he currently works "light duty". Defendant has also suffered from serious physical illnesses; she had a colostomy which was later surgically reversed, and in 2007 she underwent cardiac catheterization for a blockage in her right coronary artery. She is also having mental health issues as a result of this proceeding and her guilt and shame at the behavior that gave rise to her prosecution. Recently, her mental health issues became sufficiently severe that she was referred by pretrial services for outpatient mental health treatment. A letter from her treatment provider, Charles Denby, MD, a Rhode Island Parole Board member, is included among Defendant's character reference letters; in that letter he expresses concern regarding Defendant as a suicide risk, due to her major depressive disorder.

In September, 2007, after a period of unemployment, Defendant obtained her present position at Our Lady of Mercy School. She enjoys her position there as secretary to the principal, and has received an offer of renewed employment for the upcoming school year, with a significant pay increase. In addition, Defendant and her husband receive health insurance through Defendant's employment. As the Defendant's financial statement indicates, the family's financial situation remains dire. It is clear that the family home will certainly be lost to foreclosure in the event that Defendant is required to serve any prison time, and it is likely that Defendant would be terminated from her employment if her employer became aware of these criminal proceedings. Thus the guilt and shame Defendant feels at her wrongdoing is coupled with fear of imminent financial catastrophe.

In fashioning the appropriate sentence for this Defendant, the Court is obliged, pursuant to 18 USC Section 3553(a), to

> impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> 2) the need for the sentence imposed –
>
> A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Both the United States Supreme Court, in Gall v. United States, 128 S.Ct. 586 (2007), and the First Circuit Court of Appeals, in United States v. Martin, 520 F.3d 87 (2008) have rendered decisions that provide guidance to sentencing judges in applying the principles of 18 USC Section 3553(a) to determine the appropriate sentence for a criminal defendant. In Gall, the Untied States Supreme Court upheld the decision of the sentencing judge to vary from defendant's guideline range of 30-37 months and impose a probationary sentence. Factors cited by the sentencing court included defendant's age, his familial support, his apparent rehabilitation and his voluntary withdrawal from the conspiracy. In affirming the variance, the Court indicated that, while the guidelines should serve as a "starting point", a defendant's advisory sentencing guideline range does not always represent a "reasonable" sentence. Rather, the sentencing judge should, after hearing the arguments of the parties and considering the Section 3553(a) factors, decide the appropriate sentence and articulate the reasons for that sentence on the record. In

short, the Court instructed the sentencing judge to "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment".

Recently, the First Circuit Court of Appeals, in United States v. Martin, 520 F.3d 87 (2008), applied the principles articulated in the Gall decision. The Martin decision, authored by Senior Judge Selya, approved a sentencing variance of 91 months, from an advisory guideline range of 262-327 months (calculated pursuant to the career offender guideline) to a sentence of 144 months. The Court noted that the sentence was grounded "on three considerations: the support that the defendant stood to receive from his family, personal qualities indicating his potential for rehabilitation, and a perceived need to avoid [sentencing] disparity" among codefendants. Despite the fact that the Guidelines discourage departures based on family circumstances, the Court expressly approved consideration of idiosyncratic family circumstances in fashioning a variant sentence. The Court also approved consideration of post offense rehabilitation as "a permissible basis for a variant sentence under the now-advisory guidelines."

In this case, Defendant submits that her extraordinary family circumstances, as documented in the presentence investigation report as well as the character reference letters appended thereto, her overwhelming guilt and shame as indicia of her rehabilitation, and her significant physical and mental health issues mitigate strongly in favor of a sentence that does not require any period of incarceration. These factors, coupled with her otherwise unremarkable and law-abiding life, indicate that a term of incarceration is not necessary either to provide just punishment, to deter Defendant from future misconduct or to protect the public from Defendant's future crimes. The physical

health of both Defendant and her husband are precarious, as is Defendant's mental health. The family's financial health is equally precarious. In these circumstances, even a short term of incarceration may well have an impact on their lives that is grossly disproportionate to any possible deterrent effect. Further, Defendant submits that this Court need not sentence her to a term of incarceration in order to impress upon her the seriousness of this offense. Defendant acknowledged her guilt to Secret Service agents when questioned at her home, and there was never any doubt that she would admit responsibility for her crime in this Court.

In these unique circumstances, and in light of all the foregoing factors, Defendant submits that the ends of justice would be served and the Section 3553 factors satisfied by a probationary sentence, and asks that this Court exercise its discretion to impose such a sentence.

DONNA ANNICELLI
Defendant
By Her Attorney,

/s/Judith Crowell, Esq. #1993
128 Dorrance Street
Fourth Floor
Providence, RI 02903
(401) 272-6600

**CERTIFICATION**

I hereby certify that on June , 2008, I forwarded a copy of this Motion and Memorandum via e-filing to AUSA Milind Shah.

/s/Judith Crowell, Esq.